UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL A. TROYA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00311-JPH-DLP |
| SARA M. REVELL, et al. | ) |
| Defendants. | ) |

**Entry Granting in Part and Denying in Part
Motion for Judgment on the Pleadings**

Daniel Troya, a prisoner at United States Penitentiary—Terre Haute, contends that a Bureau of Prisons' regulation regarding visiting privileges is unconstitutional. The defendants have moved motion for judgment on the pleadings, dkt. 47. For the reasons discussed below, the motion is **granted in part and denied in part**.

**I.
Factual Background**

Mr. Troya asserts several constitutional challenges to the Bureau of Prisons' (BOP) regulation providing that "[t]he visiting privilege ordinarily will be extended to friends and associates having an established relationship with the inmate prior to confinement, unless such visits could reasonably create a threat to the security and good order of the institution." 28 C.F.R. § 540.44(c). This requirement is referred to as the "prior relationship requirement."

Mr. Troya alleges that the prior relationship requirement, both on its face and as applied to him, violates his First Amendment right of association. He argues that it imposes a "de facto permenant [sic] ban" on his ability to have in-person visits with individuals whom he did not have an established relationship with prior to his incarceration and with individuals with whom he

1

cannot adequately document a prior relationship. Mr. Troya also asserts a procedural due process claim, alleging that prison officials failed to establish criteria for granting an exception to the prior relationship requirement, and an equal protection claim, alleging that prison officials have granted exceptions to the prior relationship requirement for other similarly situated individuals. Dkt. 8.

On May 24, 2019, the defendants filed a motion for judgment on the pleadings. Dkt. 47; dkt. 48. Mr. Troya has opposed the motion, dkt. 59, and the defendants have replied, dkt. 63. The motion for judgment on the pleadings is now ripe for disposition.

## II.
## Rule 12(c) Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357-58 (7th Cir. 2016). A reviewing court must draw all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). "As in a Rule 12(b)(6) analysis, [the court's] review is limited to the pleadings; however, the court 'may take into consideration documents incorporated by reference to the pleadings,' and 'may also take judicial notice of matters of public record.'" *Milwaukee Police Ass'n v. Flynn*, 863. F3d. 636, 640 (7th Cir. 2017) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Because Mr. Troya is proceeding without the assistance of counsel, his

pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.
## Analysis

### A. First Amendment Claims

Mr. Troya alleges that the prior relationship requirement violates the First Amendment, both on its face and as applied to him. Dkt. 1 at 8-11. He contends that the prior relationship requirement creates an absolute prohibition on visits with individuals with whom an inmate did not have a relationship prior to being incarcerated and on visits with individuals with whom the inmate cannot adequately document the existence of a prior relationship.

When considering whether a prison regulation violates the First Amendment, the Court must consider four factors: (1) "whether there is a 'valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it'; (2) whether the inmates have access to 'alternative means' of exercising the restricted right; (3) the 'impact [an] accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally'; and (4) whether the regulation is an 'exaggerated response to prison concerns.'" *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)). "[T]he first [factor] can act as a threshold factor regardless which way it cuts." *Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010).

The Supreme Court has upheld a restriction on inmate visitation that is very similar to the restriction here. *Pell v. Procunier*, 417 U.S. 817, 827−28 (1974) (upholding rule that limited visitations to "individuals who have either a personal or professional relationship to the inmate—family, friends of prior acquaintance, legal counsel, and clergy"). *Pell* precedes *Turner*, but its holding is consistent with the *Turner* framework. *See Hammer v. Ashcroft*, 570 F.3d 798, 803−04

(7th Cir. 2009) (relying on *Pell*, rejecting First Amendment challenge to prison rule prohibiting face-to-face interviews between media and death-row inmates).

Mr. Troya has made no allegations to distinguish *Pell*. As in *Pell*, the purpose of the prior relationship requirement is the "central . . . institutional consideration of internal security." *Compare* dkt. 48 at 7−8, *with Pell*, 417 U.S. at 826−27. That factor alone is dispositive when "only minimal evidence suggest[s] that a prison's regulation is irrational," *Singer*, 593 F.3d at 534 (quoting *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)), which is the case here under *Pell*. Moreover, as in *Pell*, Mr. Troya has alternative means of exercising his First Amendment right of association, including in-person visits with those who share a prior relationship and (at least) written communication with those who do not. *Compare* dkt. 48 at 8−9, *with Pell*, 417 U.S. at 824−25. There is no indication that the third and fourth *Turner* factors here weigh in Mr. Troya's favor—let alone so heavily as to overcome the first and second factors.

Accordingly, the motion for judgment on the pleadings is **granted** as to Mr. Troya's First Amendment claims.

### B. Procedural Due Process Claim

Mr. Troya also claims that his procedural due process rights were violated because prison officials have failed to establish criteria for granting an exception to the prior relationship requirement. Dkt. 1 at 11-15. The defendants argue that they are entitled to judgment on this claim because the regulations do not create a protected liberty interest. Dkt. 48 at 10-11.

"The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). However, statutes and regulations may create

constitutionally protected liberty interests by limiting the discretion of prison officials to act. *Id.* Liberty interests are created if statutes or regulations establish "'substantive predicates' to govern official decision-making" and mandate "the outcome to be reached upon a finding that the relevant criteria have been met." *Id.* at 462.

Mr. Troya attached the BOP visiting regulation to his complaint, s*ee* dkt. 1-1 at 1-7, which provides in relevant part:

> An inmate desiring to have regular visitors must submit a list of proposed visitors to the designated staff. See § 540.45 for qualification as special visitor. Staff are to compile a visiting list for each inmate after suitable investigation in accordance with § 540.51(b) of this part. The list may include:
> . . .
>    c. *Friends and Associates.* The visiting privilege ordinarily will be extended to friends and associates having an established relationship with the inmate prior to confinement, unless such visits could reasonably create a threat to the security and good order of the institution. Exceptions to the prior relationship rule may be made, particularly for inmates without other visitors, when it is shown that the proposed visitor is reliable and poses no threat to the security or good order of the institution.
> . . .

Dkt. 1-1 at 6; *see also* 28 C.F.R. § 540.44.

This regulation does not contain the mandatory language required to create a protected liberty interest. It provides that the visiting privilege "*ordinarily* will be extended to friends and associates" and exceptions "*may* be made." Dkt. 1-1 at 6 (emphasis added). There is no language that compels the warden to include a particular person on an inmate's visitor list. Consequently, there is no protected liberty interest, and Mr. Troya's procedural due process claim fails as a matter of law.

This is consistent with conclusions reached by other courts that have analyzed this regulation. *See Ahmad v. Ortiz*, 44 F.3d 1004, 1994 WL 33500, *2 (5th Cir. 1994) ("Exceptions to this prior-relationship rule are committed to the complete discretion of prison officials, who are

5

not bound in the regulation by any mandatory language or specified substantive predicates. . . . Consequently, Ahmad has failed to allege any protectible liberty interest and therefore cannot maintain a due process claim."); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir. 1994) (concluding that 28 C.F.R. § 540.44 "does not create a protected liberty interest in visitation privileges"); *Griffin v. Lehman*, No. 11-cv-110-JPG, 2011 WL 1990547, *2-3 (S.D. Ill. May 23, 2011) (finding that 28 C.F.R. § 540.44 "lacks the explicitly mandatory language required for a finding that the regulation requires a particular outcome when factual predicates are met" (quotation marks omitted)).

The defendants' motion for judgment on the pleadings is **granted** with respect to Mr. Troya's procedural due process claim.

### C. Equal Protection Claim

Last, Mr. Troya asserts an equal protection claim, alleging that other inmates have been granted exceptions to the prior relationship requirement. Dkt. 1 at 15-23. To assert an equal protection claim under the class-of-one theory, a plaintiff must allege that he or she "has been 'irrationally singled out,' without regard for any group affiliation, for discriminatory treatment." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). "A class-of-one equal protection claim is cognizable where an individual alleges that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The defendants claim that they are entitled to judgment as a matter of law because Mr. Troya "has not shown that any disparate treatment is happening at all." Dkt. 48 at 12. But the Court must draw all reasonable inferences and facts in favor of the non-movant when resolving a

motion for judgment on the pleadings. *Vesely*, 762 F.3d at 664-65. Moreover, the Court's review of the complaint at this procedural stage is limited to whether it states a plausible claim. *Wagner*, 840 F.3d at 357-58.

In his complaint, Mr. Troya repeatedly alleges that "other inmates have been granted exceptions to the prior relationship stipulation" and that he has been treated differently than other similarly situated inmates. *See, e.g.*, dkt. 1 at 13, 16, 21-22; dkt. 1-2 at 1, 5-6, 17. These allegations are sufficient to state a plausible equal protection claim. *See Moore*, 543 F.3d at 896. The defendants' motion for judgment on the pleadings is **denied** with respect to Mr. Troya's equal protection claim.

## IV.
## Conclusion

The defendants' motion for judgment on the pleadings, dkt. [41], is **granted in part and denied in part**. The motion is **granted** insofar as the Court **dismisses** Mr. Troya's First Amendment and procedural due process claims. The motion is **denied** as to Mr. Troya's equal protection claim.

**SO ORDERED.**
Date: 10/25/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL A. TROYA
75817-004
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov